UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dashay T. Jones,                                     Case No.  3:19-cr-472

            Petitioner–Defendant,

     v.                                          MEMORANDUM OPINION
                                       AND ORDER

United States of America,


            Respondent–Plaintiff.


## I.     INTRODUCTION

Petitioner Dashay T. Jones filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because he allegedly received ineffective assistance of counsel.  (Doc. No. 37).  The government opposed Jones's motion, arguing it is untimely.  (Doc. No. 42).  Jones filed a brief in reply.  (Doc. No. 43).  For the reasons stated below, I deny Jones's motion.

## II.     BACKGROUND

On August 8, 2019, Jones was indicted by a grand jury on one count of Attempted Possession with the Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  (Doc. No. 1).  Jones subsequently pled guilty to this charge, and, on February 21, 2023, I sentenced Jones to a term of 180 months in prison and a 10-year term of supervised release.  (Doc. No. 35).  Jones did not appeal.

## III.     ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United

States."  28 U.S.C. § 2255(a).  Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Section 2255 contains a one-year limitations period, which begins to run on the latest date of one of four circumstances:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant does not file a notice of appeal, the defendant's judgment of conviction becomes final fourteen days after the entry of judgment.  *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (quoting *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004)); Fed. R. Crim. P. 4(b)(1)(A).

 Jones failed to comply with the statute of limitations.  His judgment of conviction was entered on February 21, 2023, and became final on March 7, 2023, when the appeal window closed. *See* Fed. R. App. P. 4(b)(1)(A).  Thus, § 2255(f) required Jones to file his motion to vacate his conviction and sentence on or before March 7, 2024.  Jones did not file his motion until July 2024, well after the expiration of the one-year deadline.  (*See* Doc. No. 37).

Jones contends his motion complies with the statute of limitations because of the Supreme Court's June 2024 decision in *Gonzalez v. Trevino*, 602 U.S. 653 (2024).  (Doc. No. 43 at 2-3).  In that case, the Supreme Court considered the circumstances in which a plaintiff might file a civil lawsuit alleging a retaliatory-arrest claim under 42 U.S.C. § 1983 without proving the absence of probable cause for arrest.  *Gonzalez*, 602 U.S. at 655.  Jones asserts this decision revives the limitation period for his § 2255 motion because he contends Detective Brotherton, who wrote the search warrant affidavit leading to the issuance of a search warrant for his residence and to his eventual arrest, sought to retaliate against Jones for filing a civil suit against him.  (Doc. No. 43 at 3).

But *Gonzalez* did not announce a "newly recognized" right or retroactively apply a principle of law to collateral review cases, as required by § 2255(f)(3).  Instead, in that case, the Supreme Court reviewed an appellate court's application of legal principles announced in *Nieves v. Bartlett*, a 2019 decision.  *Gonzalez*, 602 U.S. at 655.  Jones fails to show the Supreme Court's interpretation of its earlier decision in a civil lawsuit resets the statute of limitations period for Jones to challenge his criminal conviction.

## IV.  CONCLUSION

For these reasons, I conclude Jones's § 2255 motion is barred by the statute of limitations and deny it.  (Doc. No. 37).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge